## CIRCUIT COURT OF THE CITY OF RICHMOND

Erwin H. Will, III,
and Suzanne M. Steele

 v.

Richard C. Edmunds, Jr.,
and Royal Pest Control Co.

July 16, 2004

Case No. LR-2066-1

BY JUDGE MELVIN R. HUGHES, JR.

This case was tried to the court on June 24, 2004, on plaintiffs' motion for judgment and defendant Edmunds' ground of defense.

At the outset of the proceedings, plaintiffs asked for a default judgment against defendant Royal Pest Control Company. Both Innocent Akunwafor and Benedict Akunwafor on behalf of Royal were present in the courtroom. They produced a copy of a Motion for Judgment Dismissal they filed, the original of which was timely submitted to the clerk and present in the court's file as Royal's responsive pleading. This document had not been previously provided to plaintiffs' counsel. Accordingly, plaintiffs withdrew their motion and the case proceeded to a trial on the merits as against both named defendants.

The evidence began with a written contract for the sale of 815 Jessamine Street in Richmond between plaintiff Will and defendant Edmunds. Under the terms of the contract, Edmunds, as owner, committed to obtaining a termite inspection before the closing, which was set for July 20, 2003.

On July 1, 2003, Edmunds met Akunwafor of Royal at the premises. Upon an inspection Akunwafor found evidence of termite infestation and thereafter, with Edmunds consent, initiated treatment. When Will returned to the premises he found chemical from spraying by Akunwafor everywhere, dripping from walls and ceilings, covering furniture and furnishings placed in the residence during renovation before the anticipated move in date. He

described seeing chemical saturated about the premises and in puddles throughout. He and the other plaintiff, Suzanne M. Steele, claim damages as a result of injury or loss of personal property resulting from the alleged improper termite treatment.

The next day a representative of the Virginia Department of Agriculture and Consumer Services came to the property. He found chemical residue on ceilings, walls, appliances, puddling and evidence of dried puddles. There was other testimony from another witness who testified that as of July 1, 2003, Royal was out of compliance with the Virginia Pesticide Control Act licensure requirements. There was evidence that Royal fell below standards in the application of the termite treatment chemicals. Specifically, there was evidence that the application was inconsistent with label directions of fipinol, the active chemical ingredient in the type of termite treatment utilized. Akunwafor testified that, after he found evidence of termite infestation, he applied the chemical consistent with label directions.

The court is more persuaded by the evidence submitted in support of plaintiffs' case on the count of negligence as against Royal. The evidence supports as well plaintiffs' claims for damages. There is insufficient evidence to establish a trespass under count I and breach of contract under count II.

Having determined that there is sufficient evidence to support liability and damages against Royal, the next issue is whether plaintiffs have made out a case for liability and damages as against defendant Edmunds, the owner-seller under the real estate purchase contract with plaintiff Will. There is no dispute that, as between defendant Edmunds and Royal, no principal-agent or master-servant relationship existed for vicarious liability to attach to Edmunds due to Royal's actions. The parties agree and the evidence supports that Royal was an independent contractor. Generally, one who hires an independent contractor is not liable for the contractor's torts because, *inter alia*, the hirer does not exert any control over the contractor's actions. *Hadeed v. Medic 24, Ltd.*, 237 Va. 277, 377 S.E.2d 589 (1989). So, the question is whether, despite being an independent contractor, any liability attaches to Edmunds under well recognized exceptions.

> The general rule in Virginia, as elsewhere, is that the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. There are exceptions to the general rule with respect to work which is unlawful, a nuisance, inherently dangerous, or will in the natural course of event produce injury unless special precautions are taken.

*Norfolk & W. Ry. v. Johnson*, 207 Va. 980, 983-84, 154 S.E.2d 134, 137 (1967) (citations omitted).

The most readily applicable exception here is inherently dangerous. To constitute an inherently dangerous activity, the work must be dangerous in and of itself and not dangerous simply because of the negligent performance of the work, and that danger must be naturally apprehended by the parties when they contract. *King v. LensCreek, Ltd. Partnership*, 483 S.E.2d 265 (W. Va. 1996).

Termite treatment is not an inherently dangerous or ultra hazardous activity so as to make Edmunds liable vicariously for the acts of his independent contractor, Royal. This is supported by the various witnesses, experts in the field, who said that the treatment of termite infected property could have been accomplished properly without injury, a fact also commonly known. The court reaches this conclusion despite the testimony from some of the witnesses describing the process as "hazardous" because it involves the use of a chemical that is a known "carcinogen." For legal purposes, however, the activity is not intrinsically dangerous.

For the foregoing reasons, a final judgment order shall issue for plaintiffs for the damages submitted against Royal but not against Edmunds.